**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SALAHUDDIN F. SMART, | : | |
| | : | Civil Action No. 13-0354 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COUNTY OF BURLINGTON, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Salahuddin F. Smart
C.C.C.F.
P.O. Box 90431
Camden, NJ 08103

**KUGLER**, District Judge

Plaintiff Salahuddin F. Smart, a pre-trial detainee confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff asserts that in July, 2011, he was arrested for a "minor offense." He alleges that he was first confined at Burlington County Jail and was then transferred, on a bus where all inmates were shackled and escorted by correctional personnel, to the Burlington County Minimum Correctional Facility in Pemberton Township, New Jersey. Plaintiff alleges that, when he arrived at the Pembertown Township facility, he was subjected to a "strip search," pursuant to official policy to conduct such searches on all detainees prior to their entry into full minimum, even knowing that the nature of the charges was not serious. Plaintiff alleges that the search was not based on a reasonable suspicion that he was concealing contraband or weapons.

Plaintiff alleges that the search procedure required him to disrobe and to expose his body cavities to visual inspection by an officer of the same sex.

Plaintiff alleges that the search violated New Jersey Administrative Code Section 10A:31-8.5, which sets forth the conditions under which a prisoner may be strip searched in an

adult county correctional facility.  Plaintiff also asserts that this strip search violates the Fourth Amendment.  In addition, Plaintiff asserts that the allegedly wrongful search resulted from a failure to properly train and supervise correctional officers.

Plaintiff names as defendants the County of Burlington, the Burlington County Department of Corrections, Captain McDonnell, John Doe Officer, and John Doe Warden.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Court of Appeals for the Third Circuit has applied the Twombly pleading standard to civil rights complaints.

> Context matters in notice pleading. ... Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some

4

> factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted) (quoted in Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012).

Taking this guidance into account, the Court of Appeals instructs that the analysis, to determine whether a complaint meets the pleading standard, unfolds in three steps.

5

> First, we outline the elements a plaintiff must plead to state a claim for relief. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Bistrian, 696 F.3d at 365 (citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. ANALYSIS

The Fourth Amendment to the United States Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."

First addressing the constitutionality of strip searches of pre-trial detainees in Bell v. Wolfish, 441 U.S. 520 (1979), the Supreme Court upheld a policy requiring pre-trial detainees in any correctional facility run by the Federal Bureau of Prisons "to expose their body cavities for visual inspection as a part of a strip search conducted after every contact visit with a person from outside the institution." 441 U.S. at 558.

Recognizing that "deterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions," Florence v. Board of Chosen Freeholders of the County of Burlington, 132 S.Ct. 1510, 1516 (2012), the

7

Supreme Court in Hudson v. Palmer, 468 U.S. 517 (1984), upheld random searches of inmate lockers and cells even without reason to suspect a particular individual of concealing a prohibited item.

This past year, in Florence v. Board of Chosen Freeholders of the County of Burlington, 132 S.Ct. 1510 (2012), the Supreme Court considered the constitutionality of strip searches conducted by county jails as part of the standard intake process, even of persons arrested for minor offenses. The searches at issue required new detainees, who would be admitted to the general population, to disrobe in front of correctional officers, who would check for body markings and contraband, including a visual inspection of body openings. The searches did not involve any touching by correctional officers.

Referring to the long-standing principle that a regulation impinging on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological insterests,'" id. at 1515-16 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987), the Court noted that "[m]aintaining safety and order at these institutions requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face." 132 S.Ct. at 1515. Thus, where institutional security is involved, "deference must be given to the officials in charge of the jail

unless there is substantial evidence demonstrating their response to the situation is exaggerated." Id. at 1518 (citation and internal quotation marks omitted).

Here, Plaintiff has not alleged facts that the strip search to which he was subjected was so outside the scope of reasonable search policy that it would rise to the level of a Fourth Amendment violation. See Aruanno v. Allen, No. 12-2260, 2012 WL 4320446 (3d Cir. Sept. 21, 2012).

Moreover, even assuming that the search violated a state correctional regulation, such a violation would not render the search per se unreasonable under the Fourth Amendment. See, e.g., City of Ontario, Cal. v. Quon, 130 S.Ct. 2619, 2632 (2010); California v. Greenwood, 486 U.S. 35, 43-44 (1988).

Finally, Plaintiff has failed to state a claim for failure to train or supervise. Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," City of Canton v. Harris, 489 U.S. 378, 390 (1989), and that failure to train "actually causes injury," a supervisor or municipality may be held liable, Id. Similarly, a supervisor or municipality may be liable for failure to supervise, "only if it reflects a policy of deliberate indifference to constitutional rights." Jewell v. Ridley Twp., No. 11-4231, 2012 WL 4096259, *3 (3d Cir. Sept. 19,

9

2012) (citing Montgomery v. DeSimone, 159 F.3d 120, 126-27 (3d Cir. 1998)). Here, however, Plaintiff fails to state a claim for a constitutional injury; thus, he fails to state a claim for failure to train or supervise.

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.[1] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[2]

---

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

10

An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: August 26, 2013

---

explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.