UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SALAHUDDIN F. SMART,            :
                                :
        Plaintiff,              :       Civ. No. 13-0354 (RBK) (JS)
                                :
    v.                          :       **MEMORANDUM AND ORDER**
                                :
COUNTY OF BURLINGTON, et al.,   :
                                :
        Defendants.             :
_____:

Plaintiff was previously detained at the Burlington County Detention Center. He is proceeding *pro se* with a second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* was previously granted. Upon screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), the Court has determined that the complaint shall be permitted to proceed against the named defendants in the second amended complaint.[1]

Plaintiff has requested that this Court certify this matter as a class action. To satisfy Federal Rule of Civil Procedure 23(a), (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy). FED. R. CIV. P. 23(a). "[T]he requirements set out in Rule 23 are not mere pleading rules." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316 (3d Cir. 2009). The party

---

[1] Plaintiff also names "John Doe" defendants in his second amended complaint. Plaintiff can seek to amend his second amended complaint with the names of these John Doe defendants once their identity is discovered.

1

seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence.  *See id.* at 307.  In this case, plaintiff has not made any arguments in support of their motion for class certification, but instead simply requests this Court certify this matter as a class action.  This is plainly insufficient to certify a class action.  Moreover, pro se litigants are generally not appropriate as class representatives.  *See Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009).  Thus, the request for class certification will be denied without prejudice.

Plaintiff has also requested the appointment of counsel.  Indigent persons raising civil rights claims have no absolute right to counsel.  *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  In determining whether to appoint counsel, a court considers the following:  (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curaim) (reiterating the *Tabron* factors).

Analyzing all of these factors, the Court will deny plaintiff's request for the appointment of counsel without prejudice.  The complaint has now been screened, but it is still difficult to analyze the *Tabron* factors at this early stage.  *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000).  Furthermore, it

is worth noting that the complaint is fairly short and easy to follow.  Additionally, the claims are not overly complex and plaintiff is now longer incarcerated.

Accordingly, IT IS this  31st  day of  March  , 2015,

ORDERED that the second amended complaint shall be permitted to proceed; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue a summons and the U.S. Marshal shall serve the summons and copies of the second amended complaint (Dkt. No. 22.) and this Order upon the named defendants (Board of Chosen Freeholders of County of Burlington, Burlington County Department of Corrections and Captain McDowell), with all costs of service advanced by the United States; and it is further

ORDERED pursuant to 42 U.S.C. § 1997e(g)(2) that the named defendants shall file and serve a responsive pleading within the time specified by FED. R. CIV. P. 12; and it is further

ORDERED that plaintiff's requests for class certification and appointment of counsel are denied without prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on plaintiff by regular U.S. mail.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
