IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

Salahuddin F. SMART,                :
                                    :
                   Plaintiff,     :    Civil No. 13-354 (RBK/JS)
                                    :
            v.                    :    **Opinion**
                                    :
BOARD OF CHOSEN                     :
FREEHOLDERS OF                      :
COUNTY OF BURLINGTON, et al.,       :
                                    :
                Defendant(s).  :
_____      :

**KUGLER**, United States District Judge:

      Plaintiff Salahuddin F. Smart is proceeding *pro se* on claims under the Fourth Amendment of the United States Constitution against Defendants Board of Chosen Freeholders of County of Burlington, Burlington County Department of Corrections, Captain McDowell, John Doe Officer, and John Doe Warden. Currently before this Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' Motion will be **GRANTED**.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff was an inmate at Burlington County Detention Center ("BCDC"). *See* Compl. at 2. Sometime around June 2011, Plaintiff was transferred to Burlington County Work Release Center ("BCWRC"). *Id.* Upon transfer, Plaintiff was subject to a strip search that included a visual body cavity examination of his anal and genital areas. *Id.* at 3. Plaintiff alleges this search violated the Fourth Amendment, because BCDC had already conducted a strip search of

1

Plaintiff, held him in segregation, knew his contacts with persons outside the institution, and limited his contact to other detainees. *Id.* at 2.

Plaintiff brought a Complaint on January 18, 2013 asserting violations of the Fourth Amendment and N.J. Admin. Code § 10A:31-8.5(b) (Doc. No. 1). The Court dismissed the Complaint for failure to state a claim on January 24, 2013 and permitted Plaintiff an opportunity to file an amended complaint (Doc. Nos. 2, 3). Plaintiff filed a Second Amended Complaint on May 15, 2014 alleging only a violation of the Fourth Amendment (Doc. No. 22). The Court allowed the Complaint to proceed past screening on April 7, 2015 (Doc. No. 28), and Defendants brought the present Motion to Dismiss on December 14, 2016 (Doc. No. 58).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## III. DISCUSSION

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. Reasonableness "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In *Florence v. Board of Chosen Freeholders of County of Burlington*, the Supreme Court held that an institution's policy of subjecting every incoming detainee who would enter into the general population to a strip search, regardless of whether there was reasonable suspicion that the detainee may be in possession of contraband, drugs, or weapons, did not violate the Fourth Amendment. 566 U.S. 318, 339 (2012). Emphasizing the serious health and safety concerns that inmates and officers face in potentially allowing contraband or undetected disease into prisons, the Court found that the policies at issue were constitutional because they were necessary to meet the needs of the institution. *Id.* at 341 (Alito, J., concurring). Furthermore, "courts must defer to the judgment of correctional officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Id.* at 322–23. Applying *Florence*, the Third Circuit has since held a search policy to be unconstitutional where inmates were required to submit their anal and genital regions to visual inspection three times a day, regardless of whether they had been contact with others. *Parkell v. Danberg*, 833 F.3d 313, 327 (3d Cir. 2016). Unlike in *Bell*, the court reasoned, there was not even a low probability an inmate would obtain contraband; it was "virtually impossible." *Id.* at 328.

Plaintiff here advances several theories for why the strip and visual body cavity search conducted prior to his admittance to BCWRC was unconstitutional. He first notes that he was placed in segregation in BCDC with no substantial contact with other inmates and thus had no opportunity to access contraband prior to his arrival at BCWRC. As the Third Circuit points out, however, inmates can fashion dangerous contraband while in locked cells or smuggle in contraband following contact with others, including personnel like nurses. *See id.* at 327–28. Plaintiff pleads no facts suggesting that these probabilities were "vanishingly small" as the court had found in *Parkell*. *Id.* at 328. Therefore, Plaintiff fails to show the BCWRC's search policy constituted an "unnecessary or unjustified response" to ensuring security, *Florence*, 566 U.S. at 322–23, and the Court must defer to the correctional officers' expertise.

Plaintiff also notes that BCWRC had full access to his criminal history record and lacked reasonable suspicion to believe he may have contraband. The Supreme Court has categorically rejected the proposition that corrections officers need individualized suspicion in order to conduct a strip search and previously found that "the seriousness of an offense is a poor predictor of who has contraband." *See id.* at 334. Thus, these theories do not render Plaintiff's claim plausible and it is dismissed under Rule 12(b)(6). The Court also dismisses Plaintiff's claims for failure to train or supervise because of the failure to properly plead a constitutional violation. However, because Plaintiff is *pro se* and could conceivably amend the Complaint to plead facts sufficient to make out a claim for relief, the Court will permit Plaintiff one last opportunity to amend.

## IV.   CONCLUSION

Defendants' Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED**

**WITHOUT PREJUDICE**.

Dated: 6/28/2017               s/ Robert B. Kugler

                               ROBERT B. KUGLER

                               United State District Judge